## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICAH PATTERSON AND JESSE PETTY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: CIV-22-119-J |
| v. | ) ) | |
| ORRKLAHOMA WEST, LLC d/b/a ORR NISSAN WEST | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

1. Micah Patterson and Jesse Petty (Plaintiffs) bring this lawsuit to recover unpaid wages and overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") from Orrklahoma West LLC, d/b/a Orr Nissan West.

2. Plaintiffs were employed by Defendant in the detail department of Defendant's dealership performing manual labor job duties.

3. Defendant required Plaintiffs to work substantial time without compensation.

4. Plaintiffs worked at least 6 hours a day for at least 6 days a week. As a result, they often worked weeks consisting of 40 hours or more.

5. Defendant paid Plaintiffs a hourly rate. However, Defendant often required Plaintiffs to not clock in.

6. This action alleges that Defendant failed to properly pay Plaintiffs the wages and overtime owed to them and seeks to recover the unpaid wages and

overtime wages, liquidated damages, attorney fee, and costs permitted by the FLSA.

## II. JURISDICTION AND VENUE

7.  Plaintiffs perform work related tasks for Defendant in this district.

8.  Defendant has availed itself to the jurisdiction of this Court. Defendant maintains offices in Oklahoma City, Oklahoma.

## III. THE PARTIES

9.  Plaintiffs worked for Defendant as detailers. Defendant paid Plaintiffs an hourly rate but often did not pay Plaintiffs for time that was worked. Plaintiffs never received overtime pay from Defendant.

10. Orrklahoma West, LLC., may be served with process through its registered agent: **Orrklahoma Motors, LLC., 339 SW 74th Street, Oklahoma City, Oklahoma 73139 or wherever they may be found.**

## IV. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. §

203(s)(l), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.  At all times hereinafter mentioned, Plaintiffs were engaged in commerce or in the production of goods for commerce.

## V. FACTS

15.  Orr    Nissan    West    sells    and    services    automobiles.    <u>See</u> http.orrnissanwest.com/dealership/about.

16.  To provide these services, Orr Nissan West employed Plaintiffs to detail Orr Nissan West's vehicles.

17.  Detailers' job duties are largely manual labor n nature.

18.  Under the FLSA, Detailers' job duties are *non-exempt* and require Defendant to pay overtime for all hours worked over 40 in a single work week.

19.  While some training is involved by Defendant, Plaintiffs jobs do not require advanced skill or intense study.

20.    Plaintiffs' job duties are strictly regulated by Defendant on a daily basis and through the managers who oversee and set the parameters for the work done.

21.    Plaintiffs are not allowed to vary from the job duties predetermined for them.

22.    Truly, Plaintiffs had little to no discretion in how their job, or the jobs of others they work with, is performed.

23.    Even though Plaintiffs perform very routine, technical, and manual labor job duties, Defendant uniformly failed to pay wages and overtime to Plaintiffs.

## VI.  FLSA VIOLATIONS

24.    As set forth herein, Defendant violated the FLSA by failing to pay Plaintiffs wages and overtime. 29 U.S.C. § 207(a); 29 U.S.C. § 206(a).

25.    Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs for hours they had worked and/or overtime compensation. Defendant's failure to pay the wages and/or compensation was neither reasonable, nor was the decision not to pay wages and overtime made in good faith.

26.    Accordingly, Plaintiffs are entitled to (1) payment of any unpaid wages (2) overtime wages under the FLSA in an amount equal to 1 and ½ times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

## JURY DEMAND

27.    Plaintiffs demand a trial by jury.

**RELIEF SOUGHT**

28.    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

    a.  For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiffs;

    b.  For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiffs;

    c.  For a Judgment awarding Plaintiffs their costs of this action;

    d.  For a Judgment awarding Plaintiffs their attorneys' fees;

    e.  For a Judgment awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed by law; and

    f.  For all such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        /s/ Kenyatta R. Bethea
        KENYATTA R. BETHEA, OBA# 18650
        **HOLLOWAY, BETHEA & OTHERS, PLLC**
        3035 N.W. 63rd, Suite 102N
        Oklahoma City, OK 73116
        Telephone:  (405) 246-0600
        Facsimile:   (405) 810-4080
        kbethea@hbolaw.com
        **ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

This is to certify that on the 26th day of August, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Elaine R. Turner, Esq.
HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.
100 North Broadway, Suite 2900
Oklahoma City, Oklahoma  73102-8865
**ATTORNEYS FOR DEFENDANT**

/s/ Kenyatta R. Bethea
KENYATTA R. BETHEA